IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TUAN V. LE,                                    :
                                               :
                        Plaintiff,             :
                                               :        CIVIL ACTION
            v.                                 :
                                               :        NO. 02-CV-3368
KENNETH JOHN ELWOOD                            :
                                               :
                        Defendant.             :

**GOVERNMENT'S SUPPLEMENTAL BRIEF
IN OPPOSITION TO PLAINTIFF'S PETITION FOR REVIEW
OF HIS APPLICATION FOR NATURALIZATION**

          The Government submits this supplemental brief in further opposition to

plaintiff's petition for review of his application for naturalization under 8 U.S.C.

§ 1421(c).  The Government incorporates by reference its brief filed on October 25, 2002,

but wishes to respond to some additional legal issues raised by the Court and by plaintiff

since that time.

          1.      Standard of Review On An Application For Naturalization

          The Court asked at the hearing about the burden of proof in a naturalization

hearing.  Plaintiff has the burden of proving that he meets all the statutory requirements

for naturalization, including that he is a person of good moral character.  Berenyi v.

– 1 –

District Director, 385 U.S. 630, 637 (1967).[1]  All doubts are resolved in favor of the

United States and against the petitioner.  Berenyi, supra, 385 U.S. at 637.

    2.    Plaintiff Has Not Met His Burden of Proving "Good Moral Character."

        Plaintiff relies almost exclusively on Puciaty v. INS, 125 F.Supp.2d 1035,

1038 (D.Haw. 2000) to support his claim that drunk driving is not evidence of having bad

moral character in a naturalization hearing.  That case, however, does not stand for any

such proposition.  Puciaty was about whether having a civil judgment was evidence of

lacking good moral character.  We know that the plaintiff in Puciaty pleaded no contest to

driving under the influence on two occasions; however, there is no information about

when these events took place, or the circumstances of the arrests (including the blood

alcohol concentrations involved).  The court did not reach the issue of drunk driving at all

and certainly the case does not support plaintiff's contention.

        Moreover, plaintiff misses the point that drunk driving is conduct that

simply does not meet the standards set for good moral conduct by our society.  The

government acknowledges that Mr. Le has engaged in other positive conduct, such as

owning a business and giving financial support to his parents and sister.  However, the

---

[1]    There does not appear to be any caselaw addressing this
precise issue, but presumably plaintiff would need to establish
this proof by a preponderance of the evidence.  However, we
note that those who are applying for naturalization are subject
to a higher standard of conduct than native-born citizens.  See
In re Swensen, 61 F.Supp. 376, 377 (D.Ore. 1945).

fact remains that Le exhibited extraordinarily poor judgment on at least two different occasions, driving while intoxicated at levels that could easily have resulted in tragedy. Such conduct is properly considered not of "good moral character."

       3.    <u>Denial of Plaintiff's Application for Naturalization is Without Prejudice For Him to Reapply After Five Years from the Date of His Last Conviction</u>.

Mr. Le claims that he is remorseful for his drunk driving and will not do it again.  We hope that is true.  But the second arrest happened three years after the first arrest, and only three years again have passed since Mr. Le's second arrest.  Moreover, it is far from clear that Mr. Le understands even now the seriousness of his actions, based on his testimony at the hearing that he believed his arrests were merely "traffic violations."  Indeed, Mr. Le's testimony makes even more clear why the Court should reject his application at this time.  When testifying about the night of his second arrest on November 13, 1999, plaintiff claimed that he was at a bar with his friends watching a boxing match, and that he had drunk more than average.  When questioned about whether he asked any of his friends to drive him home, plaintiff answered that he had, but that none of them was ready to leave.  He then nonetheless proceeded to drive himself home, despite his apparent acknowledgment (based on his request to his friends) that he had had too much to drink.  Consistent with Congress' intent, the Government asks only that we make sure that Mr. Le has reformed himself, and have him wait until he has a clean record for 5 full years before allowing him the privilege of becoming a naturalized citizen.

At the close of the hearing, the Court asked whether a decision to deny Le's admission to citizenship would have a lasting consequence. The answer is that it would not. Le is free to apply again for naturalization after a decent interval, long enough to show that he has been remorseful for past actions and will not repeat them. After the five-year statutory period has passed (that is, five years after the latest offense of conviction), and assuming that he has not been re-arrested, Le would then enjoy a presumption of good moral character and his petition would quite likely be approved. See DeLuca v. Ashcroft, 203 F.Supp.2d 1276, 1281 (M.D. Ala. 2002) (denying application for naturalization because of crime of moral turpitude (theft) committed within the statutory period, but finding that the alien was remorseful for previous mistake, and inviting her to apply again at the expiration of five years from the date of conviction); Santamaria-Ames v. INS, 104 F.3d 1127, 1132 (9th Cir. 1996)("the ultimate fact to be determined, and the only material one, is his moral character within the specified period"); Gatcliffe v. Reno, 23 F.Supp.2d 581, 585 (D.V.I. 1998)(improper for INS to deny petition for naturalization based solely on his convictions outside the five-year statutory period); see also Poka, supra, at *4 (D.Conn. Sept. 19, 2002)(denying application without prejudice, and noting that Poka may reapply at any time for naturalization and demonstrate his understanding of the English language).

For the foregoing reasons, and those stated in its October 25, 2002 memorandum of law, the government requests that the Court deny Le's application for naturalization at this time.

Respectfully,

PATRICK L. MEEHAN
United States Attorney


_____

VIRGINIA A. GIBSON
Assistant United States Attorney
Chief, Civil Division


Dated: January 29, 2003        _____

SUSAN R. BECKER
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia PA 19106-4476
(215) 861-8310 Telephone
(215) 861-8349 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January, 2003, I caused a true and correct copy of the foregoing Defendant's Supplemental Memorandum of Law in Opposition to Plaintiff's Petition for Review of Application for Naturalization to be served by first-class mail, postage prepaid, upon the following:

Joseph I. McDevitt
Suite 400, Four Tower Bridge
200 Barr Harbor Drive
West Conshohocken, PA 19428

Attorney for Plaintiff

_____
Susan R. Becker