IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TUAN V. LE, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 02-CV-3368 |
| KENNETH JOHN ELWOOD : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S REPLY BRIEF IN RESPONSE TO
PLAINTIFF'S POST-HEARING BRIEF**

The Government submits this short reply brief in response to plaintiff's post-hearing brief filed on January 28, 2003.

First, plaintiff asserts that the government's position is that two drunk driving convictions, in and of themselves, are grounds to disqualify plaintiff from becoming a naturalized citizen. If that were the case, the government would have moved for summary judgment as a matter of law. The reason we held a hearing was to allow plaintiff to present a factual record about evidence relating to his character. The government's position is that based on all the evidence presented to the Court, any evidence of plaintiff's positive characteristics is outweighed by his two serious drunk driving convictions, involving high levels of blood alcohol concentration, in a relatively short period of time.

Second, plaintiff notes that other individuals, including the current President of the United States, have been convicted of drunk driving. This point, however, ignores the fact that persons who wish to become naturalized citizens are held to a significantly higher standard than those who were automatically granted the right of citizenship simply because they happened to have been born here. Moreover, we note that at least in President Bush's case, his conviction was from 1976, 24 years before he was elected president; the statutory period at issue here is the five years preceding an application for naturalization. The government's position is that someone like plaintiff, who has not just one but two drunk driving convictions within the five year period preceding his application, and who does not have extraordinary positive equities on the other side of the scale, should not be granted the privilege of naturalization at this time.[1]

---

[1] The government acknowledges that plaintiff presented evidence of positive qualities, including caring for his family and running a business. However, such conduct does not rise to the level of extraordinary acts that would outweigh the reckless behavior involved in drunk driving. The fact that Le has been an "otherwise law abiding" member of society is to be expected of someone seeking to become a citizen (and is of course required by law); it does not tip the scale in Le's favor in this case. With all due respect to Le's accomplishments as an immigrant in this country, he cannot meet the good moral character requirement based on the timing of his existing application for naturalization. With a subsequent application, made at a time when there are no drunk driving convictions within the preceding five years, he would be in a different posture, assuming all other factors remain the same.

Finally, plaintiff objects to the relevance of the government's exhibits relating to statistics about the incidence and effects of drunk driving on our society. These exhibits show that our society has suffered huge consequences from drunk driving, and that this conduct is rejected by the standards of average citizens in our community. It is therefore perfectly appropriate for the Court to consider government's exhibits 7 through 12, because the legal standard is whether certain conduct is considered to be good moral character based on the average standards of the community. <u>Puciaty v. INS</u>, 125 F.Supp.2d 1035, 1039 (D.Haw. 2000)

For the foregoing reasons, and those stated in its briefs filed on October 25, 2002 and January 29, 2003, the government requests that the Court deny Le's application for naturalization at this time.

        Respectfully,

        PATRICK L. MEEHAN
        United States Attorney

        _____
        VIRGINIA A. GIBSON
        Assistant United States Attorney
        Chief, Civil Division

Dated: February 4, 2003    _____
        SUSAN R. BECKER
        Assistant United States Attorney
        615 Chestnut Street, Suite 1250
        Philadelphia PA 19106-4476
        (215) 861-8310 Telephone
        (215) 861-8349 Facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of February, 2003, I caused a true and correct copy of the foregoing Defendant's Reply Brief in Response to Plaintiff's Post-Hearing Brief to be served by first-class mail, postage prepaid, upon the following:

> Joseph I. McDevitt
> Suite 400, Four Tower Bridge
> 200 Barr Harbor Drive
> West Conshohocken, PA 19428
>
> Attorney for Plaintiff

_____
Susan R. Becker